UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ANDRZEJ MIODUSZEWSKI,

             Plaintiff,

     - against -

POLISH & SLAVIC FEDERAL CREDIT
UNION; KRZYSZTOF MATYSZCZYK;
DIRECTOR ELZBIETA BAUMGARTNER;
DIRECTOR MALGORZATA GRADZKI,  **MEMORANDUM DECISION AND**
for USD; DIRECTOR MARZENA  **ORDER**
WIERZBOWSKA; DIRECTOR IWONA
PODOLAK; DIRECTOR MALGORZATA  18-cv-6081 (BMC) (ST)
CZAJKOWSKA; DIRECTOR BOZENA
KRAJEWSKA-PIELARZ; DIRECTOR
MALGORZATA WADOLOWSKI; CEO
BOGDAN CHMIELEWSKI; DIRECTOR
LECH WOJTKOWSKI; DIRECTOR
RYSZARD BAK; DIRECTOR EDWARD
PIERWOLA; and NATIONAL CREDIT
UNION ADMINISTRATION,

             Defendants.
----------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff *pro se* brought the instant civil action in the United States District Court for the Southern District of New York on October 12, 2018. Plaintiff paid the filing fee to commence this action and summonses were issued from that court. The action was transferred to this Court on October 31, 2018. For the reasons that follow, plaintiff's complaint is dismissed.

## BACKGROUND

    Plaintiff filed his claims on a form complaint for civil actions. In the space to provide a basis for federal court jurisdiction, a checkmark indicates "Federal Question," and the space to identify a federal constitutional or statutory right that has been violated lists freedom of speech

and the right to vote. But the complaint does not describe any violations of the First or Fifteenth Amendments.

Instead, the complaint purports to bring a representative action on behalf of the members of the Polish & Slavic Federal Credit Union, alleging that its directors have used the members' funds "to defend their own positions" and have "expos[ed] [the] financial organization to enormous financial losses." Plaintiff claims that the directors have misled investors, ignored court judgments, mismanaged the credit union, and unreasonably spent thousands of the members' dollars, including using those funds to litigate against the members in New York State court (a suit which, apparently, the directors lost).

The complaint also alleges that the Board of Directors threatened credit union member Jan Welenc with physical violence and that the National Credit Union Administration failed to adequately respond to the members' complaints or exercise control over the Board of Directors.

Plaintiff seeks the return of funds expended by the Board of Directors in the state court litigation and unspecified compensation for Jan Welenc's injuries.[1]

## DISCUSSION

As a threshold matter, plaintiff cannot bring this lawsuit as a representative action. A non-attorney appearing *pro se* may not represent another *pro se* litigant. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). No other individuals signed the complaint. Accordingly, the Court can only consider plaintiff's claims on behalf of himself.

---

[1] Jan Welenc, proceeding *pro se*, has filed his own lawsuit, see Welenc v. PSFCU, No. 18-cv-6087, which was also transferred to this district from the Southern District of New York on October 31, 2018.

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On the other hand, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Regardless of whether a plaintiff has paid the filing fee, a district court can dismiss a case *sua sponte* if it determines that the action is frivolous, or that the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a federal question is presented, see 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332.

"Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002). Here, plaintiff alleges federal question jurisdiction and invokes rights – freedom of speech and the right to vote – that are protected under the First and Fifteenth

Amendments. But as noted above the facts set forth in the complaint do not indicate that any of plaintiff's federal constitutional rights were violated.

Plaintiff names a federal credit union, several individuals, and the National Credit Union Administration as defendants. Plaintiff's constitutional claims are not cognizable against these defendants. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 217 (2009) ("The Fifteenth Amendment thus renders unconstitutional any federal or state law that would limit a citizen's access to the ballot on one of the three bases enumerated in the Amendment."); Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) ("[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech"). Neither a federal credit union nor its directors are government actors for purposes of these constitutional provisions. See Barroga-Hayes v. Susan D. Settenbrino, P.C., No. 10 CV 5298, 2012 WL 1118194, at *9 (E.D.N.Y. Mar. 30, 2012) ("Accordingly, courts have repeatedly held that federal credit unions are not state actors.").

Although the National Credit Union Administration is a federal agency (and therefore properly construed as a government actor), plaintiff – as an individual member of the federal credit union – lacks standing to sue this defendant. The federal government (including its agencies) are not amenable to suit under the doctrine of sovereign immunity. Nor can plaintiff bring a claim under the Federal Tort Claims Act – which represents a limited waiver of the federal government's sovereign immunity, see Goldblatt v. Nat'l Credit Union Admin., 502 F. App'x 53, 55 (2d Cir. 2012) – because there is no evidence that plaintiff has exhausted his administrative remedies for any claims that he might have. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

But plaintiff's complaint isn't really about the Constitution. Rather, plaintiff's complaint pleads facts to suggest that he intends to sue the directors of his federal credit union for mismanagement of its members' funds. Under my obligation to construe plaintiff's complaint broadly, I consider plaintiff as having brought his claims under the Federal Credit Union Act in his capacity as a member of defendant credit union. But this claim also fails. Congress did not create a private right of action under that statute, and there is no implied right of action either. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 979 (6th Cir. 1993) ("[A]ll of the federal decisions which have examined whether a private right of action is implied under the FCUA have concluded that no such implied cause of action exists"); Barroga-Hayes, 2012 WL 1118194, at *6-7 (collecting cases holding the same). Therefore, this Court lacks subject matter jurisdiction to hear plaintiff's case.

## CONCLUSION

Accordingly, the amended complaint is dismissed. Leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk of Court is directed to enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                _____
                                                           U.S.D.J.

Dated: Brooklyn, New York
        November 6, 2018